UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

PHILLIP ANDERSON,
        Plaintiff,

        vs.                                                        14-1180

ILLINOIS DEPARTMENT OF CORRECTIONS, et.al.,
        Defendants.

<u>MERIT REVIEW OPINION</u>

This cause is before the court for merit review of the Plaintiff's complaint. The court is required by §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff  alleges his constitutional rights were violated at Pontiac Correctional Center by Defendants including Warden Randy Pfister, Administrative Review Board Members Chad Brown and Aberardo Salinas, Lieutenant French, Correctional Officer Schmetlz, Administrative Review Board Member Leslie McCarty and Illinois Department of Corrections Director S.A. Godinez.

The Plaintiff says he received a disciplinary ticket on July 16, 2013, but he was not given the opportunity to appear at the subsequent Adjustment Committee Hearing and present a defense.  Instead, the committee members found him guilty and revoked good time credits.  The Plaintiff received a copy of the Adjustment Committee Report which indicated the Plaintiff had refused to appear and a "signed waiver" was attached. (Comp, p. 9).  The Plaintiff says he was never told about the hearing and was never presented with a waiver.  The Plaintiff also points out the waiver form provided to the committee was not signed by the Plaintiff.  (Comp, p. 11).

The Plaintiff filed grievances protesting the hearing. As a result, the Administrative Review Board spoke with officers who processed the waiver and they stated the document was not signed because the Plaintiff refused to sign it.  Both Defendants Schmeltz and French continued to state the Plaintiff was informed of the hearing, but refused to attend.  The Plaintiff says the officers are lying and the Defendants violated his due process rights.  He is asking for monetary damages.

Where a prison disciplinary hearing may result in the loss of good time credits, due process requires that the inmate receive: (1) advance written notice of the claimed violation; (2) the opportunity to call witnesses and present documentary evidence, when consistent with institutional security and correctional goals; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Wolff v McDonnell*, 418 U.S. 539,

557 (1974). However, an inmate deprived of thethese due process procedures cannot automatically seek damages in federal court. *Rhoden v. Allen*, 1997 WL 158326 (N.D. Ill. Mar. 31, 1997). For instance, if a judgment in favor of the prisoner in his due process claim "would necessarily imply the invalidity of his conviction or sentence," the claim is barred by *Heck v Humphrey*, 512 U.S. 477 (1994) unless the prisoner can show the conviction or sentence has been expunged. This holding has been extended to judgment in prison disciplinary proceedings. *Edwards v. Balisok*, 520 U.S. 641 (1997).

The Seventh Circuit has articulated some limits to the application of *Heck* in cases involving administrative prison disciplinary proceedings. Specifically, the court recognized the viability of a § 1983 action which seeks damages resulting from purely procedural due process violations. *Clayton–EL v. Fisher*, 96 F.3d 236, 242–43 (7th Cir.1996). The Plaintiff's complaint alleges a purely procedural claim regarding lack of notice of the hearing. *Clayton–EL*, 96 F.3d at 242–43 (failure to provide notice alleges simple due process claim not barred by *Heck*); *Rhoden*, 1997 WL 158326 (plaintiff who lost good time credits may proceed with claim that he was denied notice of hearing); *Armstrong v. McGinnis*, 89 F.3d 838 (7th Cir. 1996)(plaintiff lost good time credits, but raised purely procedural claim he was denied minimum procedural protections).

However, the Plaintiff is admonished he cannot seek the damages he has requested. The Plaintiff asks for compensatory damages for each day he spent in segregation. Since under §1983, the Plaintiff cannot attack the validity of the finding of guilt or the discipline imposed, he cannot seek damages on this basis in a lawsuit pursuant to §1983. *See Armstrong*, 89 F.3d 838. The Plaintiff is only entitled to damages based on the alleged due process violation. Other damages under §1983 would only be available if the results of the disciplinary proceeding had been reversed on appeal or otherwise declared invalid in a habeas corpus proceeding.

The Plaintiff has adequately alleged Administrative Review Board Members Chad Brown and Aberardo Salinas as well as Officers Schmeltz and French violated his due process rights when they failed to provide him notice of the disciplinary hearing. However, the Warden and Illinois Department of Corrections Director were not directly involved in the denial of notice. *Armstrong*, 89 F.3d 838(upper-echelon prison officials not directly involved in the constitutionally inadequate hearings). In addition, Administrative Review Board Member Leslie McCarty was not involved in providing notice at the correctional center. Therefore, the court will dismiss Defendants Pfister, Godinez and McCarty.

Finally, the Plaintiff has filed a motion for appointment of counsel.[5] In considering the Plaintiff's motion, the court asks: "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993). The Plaintiff says he sent in one request slip asking for information about attorneys' offices and received no response. The Plaintiff has not met his burden and the motion is denied with leave to renew. [4]

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the court finds the Plaintiff alleges Defendants Brown, Salinas, Schmeltz and French violated his due process rights when they failed to provide proper notice of a disciplinary hearing and denied his the opportunity to participate. The claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Pfister, Godinez and McCarty for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) deny Plaintiff's motion for appointment of counsel with leave to renew [5]; 3) Attempt service on Defendants pursuant to the standard procedures; and, 4) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines.**

**Lastly, it is ordered that if a Defendant fails to sign and return a waiver of service for the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

ENTERED this 12th day of July, 2014.


s/ Joe Billy McDade
_____
JOE BILLY MCDADE
UNITED STATES DISTRICT JUDGE